IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ERIC WALKER, *et al*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-11-800-D |
| | ) | |
| BUILDDIRECT.COM TECHNOLOGIES, | ) | |
| INC., *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R

Before the Court is the Renewed Motion to Compel Arbitration and Dismiss of Defendant

BuildDirect.com Technologies, Inc. [Doc. No. 22].[1]  Relying on the "Terms of Sale" to which

Plaintiffs allegedly agreed when they purchased Defendant's product, Defendant seeks to enforce

an arbitration agreement pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16, and to dismiss

the action based on a contractual venue provision pursuant to Fed. R. Civ. P. 12(b)(3).  Plaintiffs

have timely opposed the Motion, on grounds that they did not agree to be bound by the "Terms of

Sale" that appear on Defendant's internet website.  The parties have filed reply and surreply briefs,

and thus, the Motion is fully briefed and at issue.

### Factual and Procedural Background

This case concerns a purchase of wood flooring material that Defendant markets, sells and

distributes to customers from its principal place of business in Canada.  Plaintiffs allege that the

material supplied by Defendant was infested with larvae of wood-boring pests that subsequently

infested their home.  Plaintiffs seek compensatory damages for themselves and a putative class of

---

[1] Only this defendant has been served with process, and for purposes of this Order, the movant will
be referred to as "Defendant."

customers who purchased similarly defective materials from Defendant. The First Amended Complaint asserts various common law theories of recovery, including breach of contract, breach of warranties, fraud, negligent injury to property, trespass, products liability, and nuisance.[2] As their first claim, Plaintiffs also seek declaratory relief regarding disputed issues, including whether the purchase agreement between Defendant and Plaintiffs is subject to certain provisions included in the "Terms of Sale" posted on Defendant's internet website and, if these provisions are included in the agreement, whether their enforcement "would be unconscionable or otherwise unlawful." *See* First Am. Compl. [Doc. No. 18], ¶ 60(a) and (b). Plaintiffs allege they were unaware of and never assented to these Terms, which include "extraordinary remedy-limiting provisions." *Id.* ¶ 54. Plaintiffs particularly object to provisions by which they purportedly agreed to binding arbitration in Canada under Canadian law. *Id.* ¶ 53. To support their claim that these provisions are inapplicable or unenforceable, Plaintiffs state factual allegations regarding Defendant's website and sales practices, and circumstances surrounding Plaintiffs' purchase of the allegedly defective materials. *Id.* ¶¶ 18-32, 53-57.

## Defendant's Motion

As stated above, Defendant's Motion seeks to resolve these same disputed issues regarding the enforceability of an arbitration agreement and a forum selection clause contained in the "Terms of Sale." Defendant relies on the allegations of Plaintiffs' pleading and materials submitted in support of the Motion, including the affidavit of a vice president, David Jennings. Plaintiffs have responded in kind, submitting evidentiary materials that include their own affidavits. Plaintiffs' response brief contains a statement of "Undisputed Material Facts," offered to show they did not

---

[2] Plaintiffs also assert a claim of deceptive trade practices, which is presumably a statutory claim, but no statute is cited.

agree to the "Terms of Sale" and that certain provisions are unenforceable for numerous reasons. The parties do not address in their briefs the proper procedural mechanism for deciding these issues.

As legal authority for dismissal, Defendant relies on Section 3 of the Federal Arbitration Act, which mandates a stay of an action that involves an arbitrable issue under a written arbitration agreement. *See* Def.'s Renewed Motion [Doc. No. 22], at 4-5 (quoting 9 U.S.C. § 3). However, the Act provides a procedure for resolving disputed issues regarding the making of an arbitration agreement or the failure of a party to abide by the agreement, which involves a trial by the district court or, if demanded, a jury trial. *See id.* § 4.[3] According to the court of appeals, "[w]hen parties dispute the making of an agreement to arbitrate, a jury trial on the existence of the agreement is warranted unless there are no genuine issues of material fact regarding the parties' agreement." *Avedon Eng'g, Inc. v. Seatex*, 126 F.3d 1279, 1283 (10th Cir. 1997).

Defendant attempts to avoid any factual dispute by arguing that the facts on which Plaintiffs rely are either undisputed or immaterial. Defendant contends that a single, undisputed fact warrants a finding that the purchase contract included the "Terms of Sale" on its website: "The 'Terms of Sale' are incorporated by reference in the sales quote ***signed*** by Mrs. Walker." *See* Def.'s Reply Br. [Doc. No. 27], at 2 (emphasis in original). For reasons that follow, the Court disagrees that all material facts are undisputed, and finds that enforcement of the alleged arbitration agreement cannot be decided in the context of Defendant's Motion.

### Discussion

The Federal Arbitration Act provides that "an agreement in writing to submit to arbitration an existing controversy . . . shall be valid, irrevocable, and enforceable, save upon such grounds as

---

[3] Plaintiffs have requested in their pleading a jury trial of all factual issues. See First Am. Compl. [Doc. No. 18], ¶ 106.

exist at law or in equity for the revocation of any contract." *See* 9 U.S.C. § 2. The Act "reflects the fundamental principle that arbitration is a matter of contract." *See Rent-A-Center, West, Inc. v. Jackson*, 130 S. Ct. 2772, 2776 (2010) (internal quotation omitted). Under the Act, a court must decide certain "gateway" issues that determine the arbitrability of a dispute, namely, whether the parties are bound by a given arbitration clause and whether the arbitration clause applies to a particular controversy. *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002); *Rent-A-Center*, 130 S. Ct. at 2778. When deciding whether the parties agreed to arbitrate a matter, "courts generally . . . should apply ordinary state-law principles that govern the formation of contracts." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *see also Avedon*, 126 F.3d at 1286 (federal courts "look to state law principles of contract formation to tell us whether an agreement to arbitrate has been reached"). Similarly, in resolving challenges to the validity of an arbitration agreement, federal courts may apply state law principles that govern the validity, revocability, and enforceability of contracts generally. *Doctor's Assoc., Inc. v. Casarotto*, 517 U.S. 681, 686-87 (1996); *see AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1746 (2011).

Under Oklahoma law,[4] a contract may include terms stated in a separate document that is incorporated by reference into the contract. *See Continental Supply Co. v. Levy*, 247 P. 967, 968 (Okla. 1926); *Aetna Life Ins. Co. v. Bradford*, 145 P. 316, 318 (Okla. 1914). "The cardinal rule" in interpreting written contracts "is to ascertain the intention of the parties thereto as expressed therein, and give effect to the same, if it can be done consistently with legal principles." *Continental Supply*, 247 P. at 968. "The language of a contract is to govern its interpretation, if the language is clear and

---

[4] Without abandoning its position that Canadian law applies, as set forth in the "Terms of Sale," Defendant relies on Oklahoma law for its arguments regarding whether the arbitration agreement is incorporated into the purchase contract. *See* Def.'s Reply Br. [Doc. No. 27], at 5 n.4.

explicit, and does not involve an absurdity." Okla. Stat. tit. 15, § 154. "Clear and unambiguous contracts should be enforced as written." *Armstrong v. Federal Nat. Mortg. Ass'n*, 796 F.2d 366, 372 (10th Cir. 1986).

The alleged facts of this case, as set forth in the First Amended Complaint, are that Plaintiffs purchased the materials at issue by making a telephone call to a toll-free number and speaking with one of Defendant's sales representatives. Plaintiff Shannon Walker verbally ordered 113 boxes of a flooring product for $8,559.70, and provided credit card payment information. Defendant's representative then sent a document by email for Mrs. Walker to sign and signify her acceptance of the terms of the sale; the document, captioned "Quotation," appears as Exhibit 2 to the First Amended Complaint. The Quotation describes the product and states the quantity, unit price, shipping costs, and total price of the sale. It also contains a list of bullet points stating various conditions, such as: "This quote is valid for 7 days;" "All prices are in US dollars;" and "All products are subject to availability." *See* First Am. Compl., Ex. 2 [Doc. No. 18-2], at 1. The sixth bullet point states, "All orders are subject to BuildDirect's 'Terms of Sale.'" *Id*. No document entitled "Terms of Sale," and no other explanation of the phrase, was provided in the Quotation.

Defendant contends the phrase, "Terms of Sale," clearly refers to a specific document that is publicly available on its website, if a visitor clicks on a link that appears under "Customer Service" at the bottom of its homepage. It is undisputed that Mrs. Walker utilized the website to order samples of Defendant's products to make a purchasing decision. Mrs. Walker denies, however, that she saw or read the "Terms of Sale," or understood that this was the document to which the Quotation referred. Plaintiffs also deny having any reason to believe that the "Terms of Sale" referred to in the Quotation meant anything other than the bullet points contained within the document itself.

5

Upon careful consideration, the Court finds that the written sales contract – the signed Quotation sheet – is ambiguous as to the parties' intention to incorporate the separate "Terms of Sale" document published on Defendant's website.  The Court cannot determine as a matter of law based solely on the Quotation, as urged by Defendant's Motion, that the parties' sales contract was subject to the "Terms of Sale" containing the alleged arbitration and forum-selection agreements at issue.

## Conclusion

For these reasons, the Court finds that Defendant has failed to show that it is entitled to dismissal of this action based on the existence of an agreement between the parties for arbitration and venue of their dispute.

IT IS THEREFORE ORDERED that Defendant's Renewed Motion to Compel Arbitration and Dismiss [Doc. No. 22] is DENIED, as set forth herein.

IT IS SO ORDERED this 28th day of September, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE